**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RAQUEL CHAVEZ, an individual, | Case No.: 12-CV-04393-LHK |
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE |
| WASHINGTON MUTUAL BANK; WELLS FARGO BANK, N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"); JPMORGAN CHASE BANK, N.A.; and all persons claiming by through or under such person, all persons unknown, claiming any legal or equitable title, estate, lien or interest in the property described in the complaint adverse to plaintiff's title thereto; and DOES 1 through 20, inclusive, | |
| Defendants. | |

Plaintiff Raquel Chavez ("Chavez") brings this action based on a loan obtained in 2007 and on the subsequent foreclosure proceedings instituted against her. Defendants Washington Mutual Bank ("Washington Mutual"), Wells Fargo Bank, N.A. ("Wells Fargo"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and JPMorgan Chase Bank, N.A. ("JPMorgan") (collectively "Defendants") move to dismiss Chavez's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Defs.' Mot. to Dismiss ("Motion"), ECF No. 23. Chavez opposes this

motion. *See* Pl.'s Opp. To Defs.' Mot. to Dismiss ("Opp'n"), ECF No. 26. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing and case management conference scheduled for June 6, 2013. Having considered the submissions of the parties and the relevant law, and for good cause shown, the Court hereby GRANTS Defendants' Motion to Dismiss with prejudice.

## I.   BACKGROUND

### A.  Facts[1]

On or about December 19, 2007, Chavez purchased her home at 12330 1st Fork Road, Los Gatos, California (the "Subject Property"), with a $950,000.00 loan from Washington Mutual. *See* Compl. ¶ 2; *see also* RJN, Ex. 1. In connection with this loan, Chavez executed a promissory note and a deed of trust, which encumbered the Subject Property. *See* Compl. ¶ 2; *see also* RJN, Ex. 1. MERS was listed as the beneficiary of the deed of trust. *See* Compl. ¶ 28(f). The deed of trust was recorded in the Santa Cruz County Recorder's Office on December 31, 2007. *See* RJN, Ex. 1. On September 25, 2008, JPMorgan allegedly purchased certain assets and liabilities of Washington Mutual, including Chavez's loan, and thus became the "purported Master Servicer" of the mortgage. *See* Compl. ¶9; RJN, Ex. 6.[2]

Chavez alleges that, prior to the time that JPMorgan purchased Chavez's loan, Washington Mutual began a series of transactions in which her promissory note was sold to several parties and was eventually purchased by a trust represented by Wells Fargo as trustee.[3] Compl. ¶ 21. Chavez claims that, during each of these sales, the promissory note was not transferred properly. Compl. ¶ 4. Specifically, the transfer was improper because Washington Mutual failed to transfer the physical note. Compl. ¶ 23. In addition, Chavez alleges that the transfer was improper because the

---

[1] The following facts are taken from Chavez's Complaint and judicially noticeable documents. For the reasons discussed in Part III.A., the Court grants Defendants' Request for Judicial Notice ("RJN").
[2] On September 25, 2008, Washington Mutual was closed by the Office of Thrift Supervision and the Federal Deposit Insurance Corporation ("FDIC") was appointed as receiver. *See* Mot at 2. JPMorgan then executed a Purchase & Assumption Agreement with the FDIC, as receiver for Washington Mutual. *See* RJN, Ex. 6. One of the assets it purchased was Chavez's loan. *See id.*
[3] Chavez also alleges that the trust may have sold the promissory note to a third party and/or additional parties further distancing the promissory note from Washington Mutual. Compl. ¶ 25.

interest in the note was separated from the deed of trust when it was sold, thus invalidating any security interest Defendants may have had in the note. Compl. ¶ 28(g). Because of these alleged transactions Chavez claims that none of the Defendants possessed the legal right to foreclose on her home. Compl. ¶ 30.

On or about February 17, 2009, Chavez received a letter notifying her that she was in arrears in the amount of $33,845.63. *See* RJN, Ex. 2. On February 18, 2009, this notice was recorded in the Santa Cruz County Recorder's Office. *See id.* Chavez failed to cure the default, and a Notice of Trustee's Sale was recorded on May 25, 2009. *See* RJN, Ex. 4. The Subject Property was sold at a trustee's sale on June 11, 2009. *See* RJN, Ex. 5.

### B. Prior Proceeding

On August 5, 2009, Chavez, with her husband, filed a complaint in the Northern District of California alleging ten causes of action against Defendant Washington Mutual. *See* RJN, Ex. 7 ("*Chavez I*"). Specifically, Chavez alleged violations of: (1) the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*; (2) the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §2605, *et seq.*; and (3) related state law claims, including fraud and wrongful foreclosure. *See* RJN, Ex. 5. Defendant moved to dismiss. *See* RJN, Ex. 9. On January 7, 2010, the Honorable Jeremy Fogel granted the motion to dismiss for failure to state a claim with leave to amend. *See id.* Chavez then filed a second amended complaint which did not raise any federal claims. *See* RJN, Ex. 8. Given that all of Chavez's remaining claims arose under state law, Judge Fogel declined to exercise his supplemental jurisdiction and dismissed the complaint without prejudice. *See Chavez v. Washington Mutual, Bank, F.A., et al.*, No. 09-3583 (N.D. Cal. April 7, 2010) (Order Granting Mot. to Dismiss Without Prejudice).[4]

---

[4] Judge Fogel's Order declining to exercise supplemental jurisdiction and dismissing the complaint was not attached as an exhibit by either party. However, a matter may be judicially noticed if it is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Judge Fogel's Order is relevant to Defendants' argument that Chavez's Complaint is barred by res judicata. *See infra* Part III. To determine whether to grant a motion to dismiss on res judicata grounds, judicial notice may be taken of a prior judgment and other court records. *See Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of state court decisions and related filed briefs for purposes of determining prior judgment's preclusive effect).

Case No.: 12-CV-04393-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE

Chavez filed another complaint in Santa Cruz Superior Court on May 7, 2010, bringing nine claims against Defendants JPMorgan and Washington Mutual in connection with the same loan. *See* RJN, Ex. 10 ("*Chavez II*"). In addition to other state law claims, Chavez again alleged wrongful foreclosure and fraud. Chavez's claim for wrongful foreclosure was based on a theory that JPMorgan was not in possession of the promissory note to Chavez's loan, and therefore was not entitled to commence foreclosure proceedings. Chavez's claim for fraud was based, among other things, on allegations that JPMorgan misrepresented that it had the right to collect payments from her. *See id*. Defendants filed a demurrer as to each of Chavez's causes of action, which the Superior Court sustained without leave to amend. *See* RJN, Ex. 11. The Superior Court also dismissed the action against JP Morgan with prejudice, *id*., and entered a final judgment against Chavez on September 13, 2010. *See* RJN, Ex. 12. After the Superior Court entered final judgment, Chavez sought to voluntarily dismiss the action. *See* RJN, Ex. 13.

### C. Instant Proceeding

On July 6, 2012, Chavez filed another complaint in the Santa Cruz County Superior Court, alleging six causes of action against Defendants Washington Mutual, JPMorgan, Wells Fargo, and MERS. *See* ECF No. 1. Chavez once again alleges claims under TILA and RESPA, as well as state law claims for wrongful foreclosure, fraud, declaratory relief, and quiet title. *See id*.

On August 21, 2012, Defendants removed the case on the basis of federal question jurisdiction. *See* ECF No. 1. The case was assigned to the undersigned judge on September 26, 2012. ECF No. 22. Defendants then brought the Motion to Dismiss now before the Court. *See* ECF No. 23. Chavez filed a timely opposition, *see* ECF No. 26, to which Defendants then filed a reply, s*ee* Defs.' Reply Supp. Mot. to Dismiss ("Reply"), ECF No. 28.

## II. LEGAL STANDARDS

### A. Motion to Dismiss Under Rule 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss an action for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (internal citations omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

Nonetheless, the Court need not accept as true allegations contradicted by judicially noticeable facts, and the "[C]ourt may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into one for summary judgment. *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir.), *cert. denied*, 516 U.S. 964 (1995); *see Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Schwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Nor is the Court required to "'assume the truth of legal conclusions merely because they are cast in the form of factual allegations.'" *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) (internal quotation marks and citations omitted); *accord Iqbal*, 129 S. Ct. at 1950. Furthermore, "'a plaintiff may plead [him]self out of court'" if he "plead[s] facts which establish that he cannot prevail on his [constitutional] claim." *Weisbuch v. Cnty. of L.A.*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) (quoting *Warzon v. Drew*, 60 F.3d 1234, 1239 (7th Cir. 1995)).

**B.     Leave to Amend**

If the Court determines that the complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 . . . [is] to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and citation omitted). When dismissing a complaint for failure to state a claim, "'a district court should

5

grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Id.* at 1130 (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) (internal quotation marks omitted)). Furthermore, the Court "has a duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Accordingly, leave to amend generally shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

## III.  DISCUSSION

### A.  Request for Judicial Notice

In connection with their Motion to Dismiss, Defendants request that the Court take judicial notice of the following documents: (1) the Deed of Trust recorded on December 31, 2007, with the Santa Cruz County Official Records (RJN, Ex. 1); (2) the Notice of Default and Election to Sell Under Deed of Trust, recorded on February 18, 2009, with the Santa Cruz County Official Records (RJN, Ex. 2); (3) the Substitution of Trustee, recorded on April 2, 2009, with the Santa Cruz County Official Records (RJN, Ex. 3); (4) the Notice of Trustee's Sale, recorded on May 26, 2009, with the Santa Cruz County Official Records (RJN, Ex. 4.); (5) the Trustee's Deed Upon Sale, recorded on June 19, 2009, with the Santa Cruz County Official Records (RJN, Ex. 5); (6) the Purchase and Assumption Agreement between FDIC and JPMorgan, dated September 25, 2008 (RJN, Ex. 6); (7) Chavez's complaint filed with the United States District Court for the Northern District of California on August 5, 2009, as Case Number 09-CV-03583 (RJN, Ex. 7); (8) the Second Amended Complaint filed by Chavez in the above-mentioned case on January 27, 2010 (RJN, Ex. 8); (9) the District Court's Order Granting Motion to Dismiss with Leave to Amend in the above-mentioned case (RJN, Ex. 9); (10) Chavez's complaint that she filed in the Santa Cruz County Superior Court on May 7, 2010, as Case Number CIV 167449 (RJN, Ex. 10); (11) the Superior Court's Order Sustaining Demurrer to the Complaint without leave to amend in Case Number CIV 167449 (RJN, Ex. 11); (12) the Judgment entered and filed in Case Number CIV

6
Case No.: 12-CV-04393-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE

167449 (RJN, Ex. 12); and (13) the Request for Dismissal filed by Chavez on November 8, 2010, in Case Number CIV 167449 (RJN, Ex. 13). *See* ECF No. 24.

Although a district court generally may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion, a court may take judicial notice of documents referenced in the complaint, as well as matters in the public record, without converting a motion to dismiss into one for summary judgment. *See Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001). A matter may be judicially noticed if it is either "generally known within the territorial jurisdiction of the trial court" or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Chavez opposes the Request for Judicial Notice, arguing that "the request must be denied in the face of the obvious hearsay objections." *See* Opp'n at 20. However, Chavez's hearsay objections are overruled in light of the fact that all of Defendants' exhibits are available from public records. The Court may therefore determine their accuracy by resorting to reliable sources. For example, Exhibits 1 (Deed of Trust), 2 (Notice of Default), 3 (Substitution of Trustee), 4 (Notice of Trustee's Sale), and 5 (Trustee's Deed Upon Sale), of which Defendants' request judicial notice, are all records filed with the county recorder. Courts routinely take judicial notice of these types of documents. *See, e.g.*, *Liebelt v. Quality Loan Serv. Corp.*, No. 09-05867, 2011 WL 741056, at *6 n.2 (N.D. Cal. Feb. 24, 2011); *Reynolds v. Applegate*, No. 10-04427, 2011 WL 560757, at *1 n.2 (N.D. Cal. Feb. 14, 2011); *Giordano v. Wachovia Mortg., FSB*, No. 10-04661, 2010 WL 5148428, at *1 n.2 (N.D. Cal. Dec. 14, 2011). In addition, RJN Exhibit 6 (Purchase and Assumption Agreement) is a document obtained from an administrative agency and is therefore properly noticed as a public record. *See Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). Finally, RJN Exhibits 7 through 13 are all documents filed in prior suits that form the basis for Defendants' res judicata argument for dismissal. As these documents are also in the public record, judicial notice of these documents may be taken to determine the validity of Defendants' argument.

Accordingly, the Court finds that all thirteen documents may properly be judicially noticed under Federal Rule of Evidence 201(b), and GRANTS Defendants' request.

**B.     Res Judicata**

Defendants argue that Chavez's claim is barred by res judicata on the basis of the rulings in *Chavez I* and *Chavez II*. *See* Mot. at 2. While the complaint in *Chavez I* was dismissed without prejudice, *see Chavez v. Washington Mutual, Bank, F.A., et al.*, No. 09-3583 (N.D. Cal. April 7, 2010) (Order Granting Mot. to Dismiss Without Prejudice), the complaint in *Chavez II* was dismissed with prejudice and may therefore have a preclusive effect on the instant proceeding, s*ee* RJN, Exs. 11, 12. In her opposition to the Motion to Dismiss, Chavez does not address Defendant's arguments regarding res judicata.

"Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised *or could have been raised* in the prior action." *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997) (emphasis added); *accord Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). Res judicata is applicable whenever there is: "(1) an identity of claims[;] (2) a final judgment on the merits[;] and (3) identity or privity between parties." *W. Radio Servs. Co.*, 123 F.3d at 1192 (citing *Blonder-Tongue Lab. v. Univ. of Ill. Found.*, 402 U.S. 313, 323-24 (1971)). Here, all three requirements for res judicata are met.

### 1. Final Judgment on the Merits

First, the prior action in the Santa Cruz Superior Court, *Chavez II*, resulted in a final judgment on the merits. The Santa Cruz Superior Court sustained JPMorgan's demurrer without leave to amend and dismissed the action. *See* RJN, Ex. 11. The Court then entered a final judgment against Chavez. *See* RJN, Ex. 12. Thus, the Superior Court's Order sustaining the demurrer to the complaint and dismissing the action against JPMorgan constitutes an adjudication on the merits for purposes of res judicata.[5]

---

[5] Interestingly, after the Superior Court entered final judgment against Chavez, Chavez filed a Request for Dismissal of her action without prejudice, which the Court Clerk approved. *See* RJN, Ex. 13. However, once the Court sustained JPMorgan's demurrer and entered judgment against Chavez, Chavez should not have been permitted to voluntarily withdraw her action without prejudice. Under California law, once there has been "a public and formal indication by the trial court of the legal merits of the case . . . then [a] voluntary dismissal is ineffective." *See Franklin Capital Corp. v. Wilson*, 148 Cal. App. 4th 187, 200 (2007); *see also Goldtree v. Spreckels*, 135 Cal. 666, 672-73 (1902) (holding that sustaining a demurrer constitutes a sufficient trial of the merits of a case so as to "cut off the right to dismissal"). Here, the Superior Court not only gave a "public and formal indication . . . of the legal merits of the case," *Franklin Capital Corp.*, 135 Cal. at 672-73, but entered a final judgment. *See Chavez v. JPMorgan*, No. CIV 167443 (Santa Cruz Super. Ct. Sept. 13, 2010) (final judgment dismissing Chavez's complaint). Further, it would seem to run counter to the purpose of res judicata to allow a plaintiff to voluntarily dismiss his or her

### 2.   Identity or Privity Between Parties

Next, for the purposes of res judicata, the parties must be identical or in privity. *See W. Radio Servs. Co.*, 123 F.3d at 1192; *see generally In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997) (holding that the purpose of res judicata is to prevent parties from relitigating claims against parties whom they have already filed suit against or could have filed suit against in a previous action). Here, two parties are identical to the prior Santa Cruz County Superior Court suit— JPMorgan and Washington Mutual. *See* RJN, Ex. 10. However, the present case also names as defendants Wells Fargo and Mortgage Electronic Registration Systems, who were not parties to the previous suit; therefore, they must at least be in privity.

Privity may exist, even when the parties are not identical, if "there is a substantial identity between parties, that is, when there is sufficient commonality of interest." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1081 (9th Cir. 2003) (internal quotation marks and citation omitted); *see also Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.*, 298 F.3d 1137, 1142 n. 3 (9th Cir. 2002) (finding privity when a party is "so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved") (internal quotation marks and citation omitted). Here, Washington Mutual and Wells Fargo are in privity because Chavez's Complaint alleges that the promissory note related to the property originated with Washington Mutual, and was eventually sold to a trust with Wells Fargo acting as trustee. *See* Compl. ¶ 21. Washington Mutual and Wells Fargo are therefore in the same chain of title with respect to the promissory note, and thus share common interests. *See In re Schimmels*, 127 F.3d at 881 ("[A] non-party who has succeeded to a party's interest in property is bound by any prior judgment against the party."). Washington Mutual is also in privity with MERS. Chavez's Complaint alleges that the original Deed of Trust from Washington Mutual listed MERS as the beneficiary. *See* Compl. ¶ 28(f). This allegation, if taken as true, shows that MERS was a party to the original loan proceedings. Therefore, MERS is so closely related in interest to Washington Mutual that Chavez could have included MERS as a defendant in *Chavez II*.

---

claim without prejudice once a court has issued a final ruling. Therefore, the Court finds the voluntary dismissal of Chavez's claim without prejudice to be ineffective. It should have no bearing on Defendants' Motion to Dismiss on the basis of res judicata.

9

Case No.: 12-CV-04393-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE

As JP Morgan and Washington Mutual are identical to the parties in the prior suit, and there is sufficient commonality of interest between Washington Mutual, Wells Fargo, and MERS, the Court finds that all of the parties in this action are in privity. *See Tahoe-Sierra Pres. Council*, 322 F.3d at 1081. Accordingly, this element of res judicata is satisfied.

### 3. Identity of Claims

Finally, to establish res judicata, there must be identity between the claims brought in the instant Complaint and those that were or could have been brought in *Chavez II*. *See W. Radio Servs. Co.*, 123 F.3d at 1192. In *Chavez II*, Chavez asserted claims for wrongful foreclosure and fraud. *See* RJN, Ex. 10. Chavez's first and second claims in this Complaint are also for wrongful foreclosure and fraud, and are therefore identical to the claims in *Chavez II*. In addition, Chavez now asserts new claims for quiet title and declaratory relief as well as new claims under TILA and RESPA.

"Under federal law [a plaintiff] does not avoid the bar of res judicata merely because he now alleges conduct [by defendants] not alleged in his prior suit, nor because he has pleaded a new legal theory." *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982). "Rather, the crucial question is whether appellant has stated in the instant suit a cause of action different from those raised in his first suit." *Id.* Among the factors a court considers in answering this question are:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Id.* at 1201-02 (quoting *Harris v. Jacobs,* 621 F.2d 341, 343 (9th Cir. 1980)). The last factor is the most important in determining whether there is an identity of claims. *Id*. at 1202. Thus, if newly articulated claims are based on the same nucleus of common facts and could have been brought in the earlier action, they may still be subject to a res judicata finding. *Tahoe-Sierra Pres. Council, Inc.*, 322 F.3d at 1078; *see also United States ex rel. Barajas v. Northrop Corp.*, 147 F.3d 905, 909 (9th Cir. 1998) (holding that, because res judicata "bars relitigation of all grounds of recovery that

were asserted, or could have been asserted, in a previous action between the parties," the relevant inquiry is not whether "the claims asserted subsequent to the judgment were actually pursued in the action that led to the judgment; rather, the relevant inquiry is whether they could have been brought.").

The Court finds that all of Chavez's new claims arise from the same nucleus of common facts as the prior action, and therefore could have been brought in *Chavez II*. Specifically, Chavez's new claims relate to the same foreclosure proceeding and the same allegedly defective transfer of the deed of trust at issue in *Chavez II*. *Compare* ECF No.1, *with* RJN, Ex. 10. As both suits involve infringement of the same primary right against wrongful foreclosure, there is no reason why Chavez could not have added her new claims to the prior complaint. *See United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1151 (9th Cir. 2011). Consequently, the Court finds that there is an identity of claims between this action and the prior action for res judicata purposes.

All three requirements of res judicata being met, the Court accordingly GRANTS Defendant's Motion to Dismiss all of Chavez's claims on the basis of claim preclusion.

## IV. CONCLUSION

All of Chavez's causes of action are barred under res judicata and therefore cannot be cured by amendment. Accordingly, the Court GRANTS Defendants' Motion to Dismiss with prejudice. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: June 5, 2013

_____
LUCY H. KOH
United States District Judge